STATE OF MINNESOTA v. FARMERS' & MERCHANTS' STATE BANK and Others.[1]

November 24, 1896.

Nos. 10,395—(50).

**State Funds—Deposit in Treasurer's Name—Bond to State—Liability of Sureties.**

Under G. S. 1894, § 344, the defendant bank was selected as a depositary of state funds, and gave a bond on which the other defendants are sureties, and which recites that the bank had agreed to pay to the state treasurer, as such treasurer, interest on deposits of such funds, and which bond is conditioned for the repayment by said bank of "all moneys belonging to the state of Minnesota, which may be deposited with said bank by said treasurer of said state, upon the order of said treasurer or other lawful authority." The deposits were made in the name of "Joseph Bobletter, State Treas." The

[1] Reported in 69 N. W. 3.

bank failed, and did not repay the funds deposited. *Held*, the sureties on the bond are liable, notwithstanding said section 344, which requires the funds to be deposited in the name of the state of Minnesota, and of section 12 of article 9 of the constitution, which requires the same, and makes it a criminal offense to deposit them in the treasurer's own name.

Appeal by certain defendants from an order of the district court for Hennepin county, Jamison, J., denying a motion for a new trial, after findings and order for judgment in favor of plaintiff for $23,452.04. Affirmed.

*M. P. Brewer*, *H. D. Stocker*, *Hahn & Hawley*, *Kitchel*, *Cohen & Shaw*, and *R. L. Stillman*, for appellants.

*H. W. Childs* and *George B. Edgerton*, for respondent.

CANTY, J.   G. S. 1894, § 344, provides for the depositing of state funds by the state treasurer, "in the name of the state of Minnesota," in one or more banks, but, as a condition precedent to becoming such a depositary, each bank is required "to give to such treasurer, for the use of the state of Minnesota, a personal bond, to the satisfaction of such treasurer and said board of auditors, in at least double the amount to be so deposited, and with at least five sureties,   *   *   * as security for the amount so to be deposited."   The defendant bank, doing business at Minneapolis, Minnesota, was selected as such a depositary, and, under this statute, gave a bond on which the other defendants in this action are sureties, and thereafter it received from the state treasurer deposits of state funds.   Thereafter, and without repaying these funds, the bank failed.   This action was brought to recover on the bond the amount due.   The case was tried before the court, without a jury.   The court found for the state, and from an order denying a new trial the defendant sureties appeal.

The trial court found "that all the moneys so deposited in the defendant bank were so deposited in the name of 'Joseph Bobletter, State Treas.,' and not otherwise."   Appellants contend that, under the statute above quoted and section 12 of article 9 of the constitution, it was the duty of the state treasurer to deposit the funds in the name of the state of Minnesota; that the depositing of them in his own name, as he did, amounted to an embezzlement of these funds by the treasurer, and that the sureties on the bond are not liable.   So far as here material, said section 12 of article 9 reads as follows:

"Sec. 12. Suitable laws shall be passed by the legislature for the safe-keeping, transfer and disbursement of the state and school funds; and all officers and other persons charged with the same or any part of the same, or the safe-keeping thereof, shall be required to give ample security for all moneys and funds of any kind received by them, to make forthwith and keep an accurate entry of each sum received and of each payment and transfer; and if any of said officers or other persons shall convert to his own use in any manner or form, or shall loan with or without interest, or shall deposit in his own name or otherwise than in the name of the state of Minnesota, or shall deposit in banks or with any person or persons, or exchange for [other] funds or property, any portion of the funds of the state or of the school funds aforesaid, except in the manner prescribed by law, every such act shall be and constitute an embezzlement of so much of the aforesaid state and school funds, or either of the same, as shall be thus taken, or loaned, or deposited, or exchanged, and shall be a felony."

The bond recites: "And whereas, the said Farmers' & Merchants' State Bank has agreed with the state treasurer to pay interest on all daily balances to his credit in such bank as such treasurer, at the rate of three per cent. per annum, on the last day of each month." The condition of the bond is that the bank "shall well and truly pay over all moneys belonging to the state of Minnesota which may be deposited with said bank by said treasurer of said state, upon the order of said treasurer or other lawful authority."

Appellants' position is that the liability of a surety is strictissimi juris; that the law has not been complied with in depositing the funds, but, on the contrary, both the statute law and constitution have been violated by the state treasurer in making the deposit, and that, therefore, these appellants are not liable. We cannot so hold.

This statute was enacted, and these very stringent provisions in the constitution were adopted, as an additional protection to the state funds, not as a means of depriving them of protection. Such extra precaution for the safety of the public funds cannot be regarded as a limitation on the contract liability of these sureties. The very object of these provisions was to compel a deposit which would have ear-marks that would protect the fund from any one who might afterwards obtain it innocently, or pretend to have done so, in his private dealings with the treasurer. The fulfillment of the bond clearly required the repayment by the bank of any state funds delivered to it, as state funds, by the treasurer. It must be presumed from the manner and style in which this deposit was made that the bank knew

that the funds were state funds, and were being deposited as such. Then it was its duty to enter the deposit on its books in the name of the state of Minnesota, and its failure to do its duty in this respect cannot relieve the sureties on the bond.    It was not a part of the contract of these sureties that their principal might, when receiving deposits of state funds, be deaf, dumb, and blind, and might, if it saw fit, fail to perform its duty.

Order affirmed.